| | |
|---|---|
| CAROL TOMAO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 3470 |
| | ) |
| ABBOTT LABORATORIES, INC., | ) Judge Nan R. Nolan |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol Tomao filed suit alleging that Abbott Laboratories ("Abbott"), incorrectly named as Abbott Laboratories, Inc., failed to hire her as an Asset Technician, terminated her position as a contract Asset Technician, and retaliated against her in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Tomao also claimed that she relied to her detriment on Abbott's promise of a job. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and on August 16, 2006, the court granted in part and denied in part Abbott's motion for summary judgment. The court granted summary judgment on Tomao's wrongful termination claims, finding that she failed to establish a prima facie case of discrimination. (Memorandum Opinion and Order of 8/16/06, Doc. 63 at 17-18.) The court also granted summary judgment on Tomao's promissory estoppel claim for failure to establish a definite promise of employment or Tomao's reasonable reliance on any such promise to her detriment. (*Id.* at 20-21.)

The court denied summary judgment, however, on Tomao's retaliation and failure to hire claims. The court disagreed with Abbott's assertion that the retaliation claim was beyond the scope of the EEOC charge, and found a genuine issue of fact as to whether Tomao was passed over for the permanent Asset Technician position because of her age or disability. (*Id.* at 14-19.) Abbott

now seeks reconsideration of these latter two rulings. For the reasons explained here, the motion to reconsider is denied.

## DISCUSSION[1]

A motion for reconsideration under Rule 59(e) "serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Thomas v. Johnston*, 215 F.3d 1330 (Table), 2000 WL 518100, at *3 (7th Cir. 2000) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001). Rule 59(e) does not, however, "provide a vehicle for a party to undo its own procedural failures [or] to introduce new evidence or advance arguments that should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). *See also Marquez v. New Century Mortgage Corp.*, No. 03 C 7136, 2004 WL 1688556, at *1 (N.D. Ill. July 27, 2004).

## I. Retaliation

In its motion to reconsider, Abbott first argues that the court overlooked its analysis of Tomao's retaliation claim under the *McDonnell Douglas* burden-shifting approach. In reality, Abbott raised the argument in a footnote without any analysis or discussion whatsoever. (Abbott Mem., at 11 n.7.) Nor did Abbott mention the issue in its reply memorandum. Contrary to Abbott's suggestion, retaliation is not the substantive equivalent of discrimination and it was not the court's responsibility to develop this discrete theory on Abbott's behalf. Indeed, it is well-established that

---

[1]     The facts of this case are set forth in detail in this court's August 16, 2006 Memorandum Opinion and Order, and will be repeated here only as necessary to resolve Abbott's motion to reconsider.

an argument that is not developed in any meaningful way is waived. *Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 172 n.1 (7th Cir. 1996); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments . . . are waived."); *Xavier v. United States*, No. 03-CV-766-DRH, 2005 WL 1364715, at *6 (S.D. Ill. June 7, 2005) ("A movant waives arguments that are not adequately developed or supported.") Abbott's motion to reconsider denial of summary judgment on Tomao's retaliation claim is denied.

## II.    Failure to Hire

Abbott also claims that the court made a mistake of fact in rejecting the company's legitimate, non-discriminatory explanation for hiring Thomas Pataska as the permanent Asset Technician – i.e., an honest belief that he had the industrial/mechanical experience and communication skills necessary for the position, while Tomao did not.   (Def. Mem., at 4-5.) According to Abbott, the court reached this conclusion based on a faulty interpretation of certain testimony from Senior Supervisor George Shorman, the person who hired Pataska. Specifically, the court stated that "from the time Pataska started as an Asset Technician through the time that Asset Technicians were consolidated into another business unit, Pataska did not in fact need any mechanical knowledge or experience to perform the job."  (Memorandum Opinion, at 14 (citing Shorman Dep., at 142.))   Abbott insists that Shorman was actually speaking about Asset Technicians more generally:

Q:    Do **the current asset techs** have to have mechanical knowledge and experience?

A:    I don't know.

Q:    Did **they** throughout the time that **they** were in your group after – following Mr. Pataska's hire?

[objection]

Q:    Yes, I will restate.  From the period of time that Mr. Pataska started as an asset tech through the period of time that the asset technicians remained in

3

> your department did **they** have to have mechanical knowledge and experience to perform the job?

A:     No.

(Def. Mem., at 5 (quoting Shorman Dep., at 140-42.) (emphasis in original).)  Later in his deposition, moreover, Shorman testified that "about 80 percent of [Pataska's] duties were processing change requests and the other percentage was doing the regular asset admin portion of the job." (Shorman Dep., at 231.)

The court finds Abbott's interpretation of Shorman's testimony too narrow.  Shorman referred to "current asset techs" and used the word "they" in discussing Asset Technician duties, but it is undisputed that Pataska was also an Asset Technician at the time.  In addition, the fact that Shorman later testified that Pataska's duties were different from other Asset Technicians merely raises a question of fact as to Pataska's true responsibilities.

Even assuming that Pataska did need mechanical knowledge or experience to perform the Asset Technician job, the court identified numerous other bases for finding that Abbott's stated explanation for choosing Pataska over Tomao was pretextual. First, the posted job description did not reflect any new emphasis on mechanical knowledge. In addition, during Tomao's interview with William Whitaker, Abbott's Asset Administration Group Leader, he never asked her about such skills.  Instead, Whitaker asked Tomao whether she thought she was physically capable of performing the required job duties and "[w]ell, do you think you'll be able to go out there and climb around anymore . . ." When Tomao responded in the affirmative, Whitaker said that "we all like to feel as if we can do the things we were able to do when we were younger." (Memorandum Opinion, at 15.) The court found it suspicious that Abbott claimed to know that Pataska had better mechanical experience than Tomao when Whitaker never discussed such skills with her.

The court was also troubled by the fact that Whitaker cited Tomao's attendance as a reason for not hiring her as a permanent Asset Technician. As the court explained, Whitaker, Shorman,

4

and Section Manager David Taylor all knew that Tomao had regularly-scheduled absences for her lupus treatment. Yet Whitaker believed that

> Carol's attendance record regardless of whether or not they were legitimate excuses, her attendance record was not admirable enough to indicate that she would be there every day. . . . . [T]he fact that she was not there when she was supposed to have been there on those times made it hard to believe that she would be there when she was supposed to be there at a future date.

(Whitaker Dep., at 138-39.) Abbott did not offer any evidence suggesting that Tomao's absences interfered with her ability to perform her job in any way; that she was ever disciplined or reprimanded for attendance issues; or that the attendance requirements of the permanent Asset Technician position differed from those of the contract position. Significantly, Whitaker never inquired into the attendance record of younger, non-disabled Pataska. (Memorandum Opinion, at 16.) Finally, the court noted the contradiction between Abbott's assertion that employees receive preference for open positions over external job applicants like Tomao, and Whitaker's testimony that he did not in fact give Pataska any preference based on his current employee status. (*Id.* at 16-17.)

Viewing the facts most favorably to Tomao, as required in ruling on a summary judgment motion, the court once again finds that there is a genuine issue of fact as to whether Tomao did not receive the permanent Asset Technician position because of her age and/or disability. Abbott's motion to reconsider with respect to these claims is denied.

## CONCLUSION

For the reasons stated above, Abbott's motion to reconsider [Doc. 66] is denied.

ENTER:

Dated: October 17, 2006

NAN R. NOLAN
United States Magistrate Judge

5