UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL TOMAO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 3470 |
| | ) |
| ABBOTT LABORATORIES, INC., | ) Judge Nan R. Nolan |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol Tomao has filed suit alleging that Abbott Laboratories ("Abbott"), incorrectly named as Abbott Laboratories, Inc., failed to hire her as a contract Asset Technician because of her age and disability in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and retaliated against her for complaining about the unlawful discrimination. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Currently before the court are the parties' motions *in limine*. For the reasons set forth here, the motions are granted in part and denied in part.

## DISCUSSION

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). District courts have broad discretion in ruling on motions *in limine*, but evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. *Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 926 (N.D. Ill. 2005) (citing *Luce*, 469 U.S. at 41 n.4). Otherwise, rulings should be deferred until trial so questions of foundation, competency, relevancy, and potential prejudice may be resolved in proper context. *Id.* A court's decision to deny a motion *in limine* does not mean that all evidence contemplated by the motion will be admitted at trial. "Rather, denial means the court cannot

determine whether the evidence should be excluded outside the trial context. This is particularly the case when a motion *in limine* is 'based on unsupported representations.'" *McClain v. Anchor Packing Co.*, No. 89 C 6226, 1996 WL 164385, at *2 (N.D. Ill. Apr. 3, 1996) (quoting *Wolfe v. Howmedica, Inc.*, No. 94 C 4117, 1996 WL 10901, at *2 (N.D. Ill. Jan. 10, 1996)).

In the Final Pretrial Order, both parties have set forth enumerated paragraphs purporting to be their motions *in limine*, but which contain no legal theory or support. The parties have also submitted separate briefs entitled Motions *in Limine*. The court will only consider those motions *in limine* that both appear in the separate briefs and include appropriate legal argument and support. *See United States v. Wimberly*, 60 F.3d 281, 287 (7th Cir. 1995) ("This circuit has repeatedly warned litigants that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.")

**A.     Plaintiff's Motions *in Limine***

Plaintiff has submitted five motions *in limine* regarding (1) any alleged accommodation granted during Plaintiff's employment; (2) Plaintiff's alleged friendship with William Whitaker; (3) back pay, front pay, mitigation of damages, and statutory damages caps; (4) Plaintiff's age-related comments; and (5) collateral sources of income. The court addresses each in turn.

**1.     Employment Accommodation**

Plaintiff asks the court to bar testimony, evidence, or argument suggesting that Defendant accommodated Plaintiff's medical conditions. This includes evidence that Defendant provided Plaintiff with a laptop computer so that she could work from home in early 2002 due to a broken foot; and that Defendant allowed Plaintiff to take days off from work for purposes of medical treatment. Plaintiff notes that there is no failure to accommodate claim at issue here and argues that any probative value associated with evidence of the accommodations is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Defendant denies that Plaintiff was a qualified person with a disability under the ADA or that it "accommodated" her under

2

the Act. Nevertheless, Defendant argues that its actions when Plaintiff broke her foot and requested time off "bear[] on the issue of Abbott's intent and motive." (Def. Resp., at 4.)

The court agrees with Plaintiff that the cited evidence is only marginally relevant and would tend to confuse the issues or mislead the jury as to Plaintiff's claims. See FED. R. EVID. 403. Plaintiffs' motion *in limine* is granted.

### 2. Plaintiff's Friendship with William Whitaker

Plaintiff next seeks to bar evidence regarding her alleged friendship with William Whitaker, Abbott's Asset Administration Group Leader. Plaintiff objects that such evidence is immaterial, prejudicial, and misleading "in that [the] purpose of such evidence is for no reason other than to imply that Whitaker would not discriminate against his alleged friend." (Motion, at 1.) To the extent Plaintiff reported directly to Whitaker, who interviewed Plaintiff for the Asset Technician position and was involved in the decision not to hire her, Plaintiff's interactions and relationship with Whitaker is relevant to her claims of discrimination. The motion *in limine* is denied.

### 3. Equitable Remedies, Mitigation, and Statutory Caps

In her third motion *in limine*, Plaintiff objects to the admission of any evidence regarding back pay, front pay, reinstatement, mitigation of damages, and statutory damages caps. According to Plaintiff, the decision whether to award equitable remedies, or to impose equitable limitations on those remedies, is for the judge and not the jury. (Motion, at 1) (citing *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 951 (7th Cir. 1998) (district court properly decided issue of front pay on its own rather than submitting it to the jury).) Plaintiff also argues that the jury should not be advised as to her claimed compensatory or punitive damages because the jury should not know about the statutory caps on recovery applicable in employment discrimination cases. (*Id.*) Defendant does not oppose this motion. (Def. Resp., at 1.)

The court agrees that entitlement to front pay, back pay, and reinstatement are equitable issues to be decided by a judge and not a jury. Plaintiff's motion *in limine* is granted as to these

3

issues. *Kaplan v. City of Chicago*, No. 99 C 1758, 2005 WL 1026574, at *4 (N.D. Ill. Apr. 22, 2005). The court also agrees that the jury cannot be informed of the applicable statutory caps under 42 U.S.C. § 1981(b)(3). 42 U.S.C. § 1981a(c)(2) ("[T]he court shall not inform the jury of the limitations described in subsection (b)(3) of this section . . . .") *See also Presto v. Illinois Dep't of Human Servs.*, No. 00 C 7429, 2003 WL 21196237, at *3 (N.D. Ill. May 21, 2003). This portion of Plaintiff's motion *in limine* is granted as well.

Plaintiff's objection to evidence regarding mitigation of damages, however, is overruled. Failure to mitigate is an affirmative defense that must be proven by the defendant and decided by a jury. *See Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1048-49 (7th Cir. 1999). Plaintiff's request to keep her punitive and compensatory damages requests from the jury is also overruled. Punitive and compensatory damages are "largely within the province of the jury." *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 755 (7th Cir. 2002) (upholding jury award of punitive damages that was below the statutory cap); *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 567 (7th Cir. 2006) ("[D]istrict court's decision to uphold the jury's award of compensatory damages was not an abuse of discretion.") Thus, the jury first will decide whether to award compensatory and/or punitive damages, and the court then will ensure that the award is consistent with any applicable statutory limitations.

### 4. Plaintiff's Age-Related Remarks

Plaintiff next seeks to bar evidence that she referred to herself as "mom" or in any other age-related term. Plaintiff argues that such comments are immaterial, prejudicial, and misleading "in that the purpose of such evidence is to imply that Tomao could not be the victim of age discrimination if she made references to her own age." (Motion, at 1.) In Plaintiff's view, her own age-related remarks are irrelevant absent a claim of harassment or hostile work environment based on age. (*Id.*) The court disagrees. Whitaker's notes of his interview with Plaintiff for the Asset Technician position (Jt. Ex. 2) state that he often joked with Plaintiff about the fact that they were

4

not getting any younger and, thus, he did not feel such a comment was inappropriate during the interview. Once again, Plaintiff's relationship and interactions with the decisionmakers is relevant, as is evidence of Defendant's motive and intent. Plaintiff's motion *in limine* to bar evidence that she referred to herself as "mom" and an "old broad" is denied.

### 5. Collateral Sources of Income

Plaintiff finally asks the court to bar evidence that she has been receiving Social Security benefits since her discharge from Abbott. Plaintiff argues that such funds constitute collateral source income, and that "[w]hether collateral source payments are to be deducted from a back pay award is committed to the discretion of the trial judge." (Pl. Mot., at 1 (citing *Hunter v. Allis-Chalmers Corp. Engine Div.*, 797 F.2d 1417, 1428 (7th Cir. 1986) and *Equal Employment Opportunity Comm'n v. O'Grady*, 857 F.2d 383, 390 (7th Cir. 1988).) The court agrees. "The purpose of the collateral source rule is not to prevent the plaintiff from being overcompensated but rather to prevent the tortfeasor from paying twice." *O'Grady*, 857 F.2d at 389. Thus, the collateral source rule "focuses on what the tortfeasor and collateral source should pay, not on what the plaintiff should receive." *Id. See also Schuster v. Shepard Chevrolet, Inc.*, No. 99 C 8326, 2002 WL 507130, at *6 (N.D. Ill. Apr. 3, 2002). As the *O'Grady* court noted, allowing a defendant to deduct social security payments from a back pay award would confer on the defendant a "discrimination bonus." 857 F.2d at 391. Thus, Plaintiff's motion *in limine* to bar evidence of her Social Security payments is granted.

**B.     Defendant's Motions *in Limine***

Defendants have offered some 15 motions *in limine*, many of which include no supporting legal theory or argument. The court addresses them by category below.

**1.      Evidence Regarding Plaintiff's Medical Condition**

Plaintiff's lawsuit alleges discrimination based on age and disability (lupus and other auto-immune system and respiratory diseases). Defendant objects to the introduction of any evidence regarding Plaintiff's medical conditions, treatment, and medications because she never produced any medical records relating to such illnesses as requested during the course of discovery. (Def. Mot., at 1.) Defendant sought Plaintiff's medical records through discovery requests, and further raised the issue with Plaintiff's attorney at depositions and a status hearing. (*Id.* at 2-3.) Notably, Plaintiff did produce the names and contact information for her medical providers, as well as all medical records in her possession. She also testified at her deposition about her medical condition. Plaintiff admits that she was unable to obtain medical records in the possession of her physicians, but argues that Defendant could have issued subpoenas for the records and/or deposed the physicians. (Pl. Resp. ¶¶ 5, 6.)

It is unfortunate that neither party ever obtained a complete copy of Plaintiff's medical record in this case. That said, the court is troubled by the fact that Defendant never subpoenaed the medical records directly from Plaintiff's treating physicians, nor moved to compel the records from Plaintiff herself within the discovery period. *See, e.g., Heller Fin. Leasing, Inc. v. Gordon*, No. 03 C 6326, 2006 WL 1650339, at *5 (N.D. Ill. June 13, 2006) (denying motion to bar evidence not produced during discovery where the defendants "failed to file a motion to compel during the discovery period.") Indeed, Defendant did not even ask Plaintiff to execute a release for the documents. The court agrees that Plaintiff cannot admit into evidence any documents that were not produced in response to discovery requests. Plaintiff can, however, call her treating physicians

6

as witnesses and provide personal testimony regarding her medical condition and treatment. This motion *in limine* is denied.

## 2. Plaintiff's Conversations with Third Parties

Defendant seeks to exclude evidence of conversations Plaintiff had with a variety of third parties, including (1) Terry Mullins and Ellen Merritt of Mullins & Associates, the employee placement and search company that hired Tomao to work as a contract laborer on assignment at Abbott; (2) Denise Weil, Plaintiff's daughter and a former Abbott manager; and (3) Theresa Stribe. The court cannot determine from the brief statements offered by Defendant whether any such conversations would be considered inadmissible hearsay under FED. R. EVID. 801. Thus, the court denies these motions *in limine* at this time and will take up each potential hearsay issue as it arises at trial. *See Gage*, 365 F. Supp. 2d at 926 (where it is not clear that evidence is inadmissible on all potential grounds, rulings should be deferred until trial so questions of foundation, competency, relevancy, and potential prejudice may be resolved in proper context.)

## 3. Plaintiff's Locker and Banishment from Abbott Premises

Defendant next seeks to bar evidence that Plaintiff's lock was cut from her locker after her contract was not renewed, and that she was instructed to not return to Abbott's premises. According to Defendant, Plaintiff cannot identify who cut the lock off her locker and only knows about it through hearsay statements from an unidentified Abbott employee. In addition, Plaintiff was purportedly told that she could not return to Abbott, even to collect her belongings, by a Mullins & Associates employee. Defendant argues that these events add nothing to a determination whether Abbott discriminated or retaliated against Plaintiff, and constitute inadmissible hearsay in any event. (Def. Mot., at 4, 5, ¶¶ 5, 8.) Defendant has not conclusively established that the evidence is irrelevant on all potential grounds, including hearsay, and this motion *in limine* is therefore denied. *See Gage*, 365 F. Supp. 2d at 926 (where it is not clear that evidence is inadmissible on all

potential grounds, rulings should be deferred until trial so questions of foundation, competency, relevancy, and potential prejudice may be resolved in proper context.)

  **4.  Post-Termination Meetings**

Defendant objects to any evidence regarding a meeting conducted by Abbott employee, Paul Finegan, after Plaintiff's contract was terminated. In that meeting, Finegan apparently discussed how contract workers would be treated at Abbott in the future. (Def. Mot., at 5, ¶ 6.) Defendant argues that the meeting is irrelevant to Plaintiff's discrimination and retaliation claims, and its admission would violate FED. R. EVID. 407's prohibition against evidence of subsequent remedial measures. (*Id.*) Plaintiff does not know "what information Abbott is referring to here," but argues that it "likely does not fall into the subsequent remedial measures exception because it bears no relationship to the purpose of the rule." (Pl. Resp., at 6 ¶ 3.)

FRE 407 provides that "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." The purpose of Rule 407 is "to promote safety by removing the disincentive to take post-accident safety measures that would exist if the accident victim could introduce evidence of these measures on the issue of the defendant's liability." *Adams v. City of Chicago*, 469 F.3d 609, 612 (7th Cir. 2006) (quoting *Probus v. K-Mart Inc.*, 794 F.2d 1207, 1210 (7th Cir. 1986)).

Once again, based on the limited information provided, the court cannot conclude that the evidence is inadmissible on all potential grounds. The motion *in limine* is denied. The court notes, however, that it will be "reluctant to consider evidence that [Abbott] attempted, after the fact, to address [age- and disability-related] hiring issues as support for a claim that Plaintiff was a victim of [age or disability] discrimination." *Bell v. Eastman Kodak Co.*, No. 95 C 4687, 1998 WL 178814, at *14 n.31 (N.D. Ill. Mar. 9, 1998) (citing FED. R. EVID. 407).

### 5. Discussion of Other Asset Technician Positions

Defendant next seeks to bar evidence regarding successful candidates for other Asset Technician positions for which Plaintiff did not apply. The court agrees that the identity, age, and disability status of these individuals has no relevance to Plaintiff's claims and should be excluded. *See, e.g., Sembos v. Philips Components*, 376 F.3d 676, 702 (7th Cir. 2004) ("An employer cannot be liable for failing to hire a person who does not apply for a job.") To the extent Defendant challenges any assertion by Plaintiff that contract Asset Technicians were sometimes hired into permanent Asset Technician positions, however, Plaintiff may introduce evidence of such other successful candidates.

### 6. Evidence of Unfair Treatment

Defendant objects to the admission of any evidence that Plaintiff was allegedly treated unfairly at Abbott. (Def. Mot., at 5-6, ¶ 9.) The court agrees with Plaintiff that this objection is vague and unclear, and this motion *in limine* is denied.

### 7. Evidence Regarding Abbott's Wealth, Size, and Net Worth

Defendant next objects, without any legal citation, that evidence regarding Abbott's wealth and size is irrelevant and prejudicial. At the same time, Defendant argues that evidence of Abbott's net worth will be admissible if the jury finds the company liable for punitive damages. (Def. Mot., at 6, ¶¶ 10, 11.) The court agrees with this latter proposition and grants this portion of Defendant's motion *in limine*. *See TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 n.28 (1993) (evidence of a defendant's wealth is traditionally considered relevant and admissible when assessing punitive damages). Absent further explanation from Defendant, moreover, the court sees no distinction between Abbott's "wealth," "size," and "net worth" as they relate to punitive damages. Defendant's motion *in limine* to bar evidence of Abbott's wealth and size is denied.

### 8. Promises Allegedly Made by Terry Johnson

Defendant seeks to bar evidence regarding statements allegedly made by Terry Johnson, Abbott's Senior Supervisor prior to his replacement by Edward George Shorman, the ultimate decisionmaker in this case. Specifically, Defendant objects to evidence that Johnson (or any other Abbott employee) promised Plaintiff a permanent Asset Technician position. (Def. Mot., at 6, ¶ 12.) Plaintiff agrees that she cannot present a promissory estoppel claim to the jury in light of this court's ruling on summary judgment, but she argues that any promises of permanent employment are relevant to show that contract Asset Technicians were sometimes converted to permanent employees. (Pl. Resp., at 7-8 ¶ 9.)

The court does not see how an alleged promise from a previous supervisor who was not the decisionmaker in this case is relevant to showing that contract Asset Technicians were in fact hired into permanent Asset Technician positions. This motion *in limine* is granted.

### 9. Thomas Pataska's Resumes

Thomas Pataska, the successful candidate for the Asset Technician position, apparently had several different resumes in his personnel file. Defendant seeks to exclude evidence regarding all resumes except the one that Abbott decisionmakers actually reviewed and relied upon in deciding to hire Pataska. (Def. Mot., at 6, ¶ 13.) To the extent the parties disagree as to which resume the decisionmakers reviewed, however, this issue is not appropriately decided on a motion *in limine*. (Pl. Resp., at 8 ¶10.)

### 10. Pataska's Termination from Abbott

Defendant seeks to bar evidence regarding the circumstances of Pataska's separation from Abbott in 2006, some four years after the events in question. (Def. Mot., at 6-7, ¶ 14.) Plaintiff insists that the circumstances surrounding Pataska's departure are relevant to his qualifications for the position. Absent further information, the court cannot determine the relevance of this evidence. The motion *in limine* is denied.

### 11. Evidence Regarding the "Golden Rule"

The court agrees that "[a] 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) (internal quotations omitted). This portion of Defendant's motion *in limine* is granted.

## **CONCLUSION**

For the reasons stated above, Plaintiff's motions *in limine* [Doc. 80, 81, 82, 83, 85, 87, 88] and Defendant's motions *in limine* [Doc. 76] are granted in part and denied in part.

ENTER:

Dated: January 16, 2007

*Nan R. Nolan*
_____
NAN R. NOLAN
United States Magistrate Judge